1  K. Tom Kohan (SBN 225420)
   KOHAN LAW FIRM
2  515 S. Figueroa Street, Suite 1200
   Los Angeles, CA  90071
3  Tel: 310-349-1111
4  Fax: 888-476-7010
   Email: tom@kohanlawfirm.com
5
6  Attorneys for Plaintiff
   DOUBLE ZERO, INC.
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10 DOUBLE ZERO, INC., a California      Case No.: 14-470-AB-RZx
   Corporation,
11                                      Assigned to: Hon.  Andre Birotte, Jr.

12      Plaintiff,                      **PLAINTIFF'S OPPOSITION TO JB
                                        TEXTILES' MOTION IN LIMINE
13 vs.                                  NO. 1 TO EXCLUDE PLAINTIFF
                                        FROM OFFERING EVIDENCE ON
14                                      DAMAGES ; DECLARATION OF K.
15 HARVEST TEXTILE CORP.; JB            TOM KOHAN**
   TEXTILES., *et al.*,
16                                      **Hearing Date:  June 22, 2015**
17      Defendants.                     **Hearing Time: 11:00 a.m.**
18
                                        **TRIAL DATE:  July 14, 2015**
19

20 ─────────────────────────────

21
22
23
24 AND RELATED ACTIONS
25
26 i
27
28                                      - 1 -
   ─────────────────────────────────────────────

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      JB TEXTILES'S MOTION IS UNTIMELY AND SHOULD NOT  BE CONSIDERED.**

This Court directed the parties to file any motions in limine by June 1, 2015.  Please see Docket No. 67.  While Plaintiff Double Zero (and for that matter Defendant/Cross-complainant Harvest Textile, Corp.) abided by the Court's directive, JB Textiles chose to file the instant motion in an untimely manner on June 2, 2015. The only conclusion to be drawn is that JB Textiles has sought to gain an unfair advantage, by waiting to see the documents the other two parties would file, and then submit its motion in limine.

JB Textile's counsel's conduct in filing this motion in an untimely manner is even more egregious under the circumstances:

The Court has required that the parties submit any oppositions to the motions in limine by June 8, 2015, merely seven days after the filing deadline for the moving papers.    Please see Docket No. 67.    At the same time, counsel for JB Textiles has been well aware that counsel for Plaintiff is due to leave the country on the weekend of June 6th, and therefore knew that Plaintiff's counsel would have even less than 7 days to oppose the motion.    Again, the only conclusion to be reached is that JB Textile's counsel sought to gain an unfair advantage. This conduct should not be rewarded and the instant motion should not be considered.

- 2 -

## II.   PLAINTIFF IS NOT SEEKING TO INTRODUCE ANY EVIDENCE THAT HAS NOT BEEN DISCLOSED TO JB TEXTILES.

A cursory review of the joint exhibit list submitted by the parties indicates that Plaintiff is not seeking to introduce any evidence that has not been already disclosed to JB Textiles.  These include invoices by JB Textiles itself to one of its customers, Reformation, and purchase orders and invoices involving the transactions of Harvest. All of these documents have been part of the exhibits of the depositions of JB Textiles and Harvest.

Moreover, JB Textiles propounded written requests for production of documents on Harvest and requested all prior discovery.  Harvest did respond to those requests and provided ALL the prior discovery in the action to JB Textiles.

For JB Textiles to claim that evidence was withheld on the issue of damages is not only disingenuous, but can only be deemed to made in utter bad faith.

## III.   STATEMENTS   OF   COUNSEL   DURING   SETTLEMENT NEGOTIATIONS ARE CONFIDENTIAL AND PRIVILEGED.

To further mislead the Court, JB Textiles submits the declaration of its counsel, stating that counsel for Plaintiff stated to her that he will make this lawsuit expensive.

- 3 -

As admitted by JB Textiles' counsel in her declaration, those statements were purportedly made during the period that JB Textiles was seeking to set aside the default against it.  Counsel did speak regarding a stipulation to set aside the default.  Plaintiff and its counsel admittedly did not agree to stipulate to the same.  However, part of such conversation was Plaintiff's confidence in ultimately prevailing on the issue of copyright infringement against JB Textiles and subsequent entitlement to costs and attorneys fees as a prevailing party under the Copyright statute.   The parties were discussing (and had discussed[1]) settlement instead of engaging in further litigation.  Plaintiff's counsel was merely attempting to convey the reasons for its settlement demand by raising the issue of potential attorneys fees.

Any such discussions are clearly within the purview of settlement negotiations and protected by, *inter alia*, F.R.E. 408.

## VI.    CONCLUSION:

According to the foregoing, JB Textiles' Motion in Limine No. 1 to Exclude Plaintiff's Evidence re Damages should be denied.

Dated:  June 6, 2015

Respectfully submitted,
KOHAN LAW FIRM

By:    ___/s/ K. Tom Kohan_____
K. Tom Kohan, Esq.
Attorneys for Plaintiff
Double Zero, Inc

---

[1] Plaintiff's counsel had had multiple discussions with principal and representative of JB Textiles before JB Textile's counsel appeared in the case.

## DECLARATION OF K. TOM KOHAN, ESQ.

I, K. Tom Kohan, Esq., am an attorney at Kohan Law Firm, and am over 18 years of age. I have personal knowledge of the following, except where the context indicates otherwise, and therefore testify on information and belief. If called as a witness I could and would testify competently as follows:

1. I am the attorney of record for Plaintiff Double Zero, Inc. in this action.

2. I have reviewed the file in this action, including the Joint Exhibit List submitted on June 1, 2015 and the deposition transcripts of Rule 30(b) designees of JB Textiles and Harvest. I took personally took both depositions. Present at both depositions was Ms. Katharine Miller, counsel for JB Textiles. Included as exhibits to the transcripts are, inter alia, an invoice from JB Textiles to "Reformation," as well as invoices and purchase orders involving Harvest.

3. JB Textiles propounded requests for production of documents, seeking all prior discovery. Harvest responded to those requests and produced all the documents in the prior discovery to JB Textiles.

4. There are no documents on the Exhibit List that have not either been included as exhibits to the deposition transcripts and/or been produced by Harvest to JB Textiles in response to its demand for production.

PLAINTIFF'S OPPOSITION TO JB TEXTILES' MOTION IN LIMINE NO. 1

5.  I have conveyed numerous times to Ms. Miller that I am scheduled to fly out of the country on the weekend of June 6th.

6.  Before JB Textiles requested to a stipulation to set aside the default against it and before Ms. Miller's appearance as counsel, I was approached numerous times, both in person and telephonically, by Mr. Francisco Benitez, who introduced himself as the owner of JB Textiles, as well as another gentlemen who said was helping Mr. Benitez.  We discussed my client's settlement demands, so that neither party would incur additional fees.  When the parties were ultimately unable to agree on settlement, Ms. Miller and I had conversations about stipulating to set aside the default.  My client and I felt that such a stipulation was not warranted due to numerous factors, such as the length of time that JB Textiles was aware of the default against it, and the fact that Plaintiff had spent a considerable amount in obtaining a default judgment against JB Textiles.  Accordingly, Plaintiff declined JB Textiles' request for a stipulation.  During discussions with Ms. Miller, I again tried to avoid further fees to the parties by proposing settlement offers.  As part of the reasoning to justify the demand, I mentioned to Ms. Miller that (as I was certain she was aware) the prevailing party on a copyright infringement claim is entitled to recovery of its attorneys fees.  Ms. Miller can choose to interpret the foregoing as a statement that Plaintiff will make this litigation expensive.  However, that

- 6 -

is a complete misstatement.  In fact, my client and I were trying to achieve the exact opposite:  asettlement to avoid further fees for any of the parties.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 6, 2015, at Los Angeles, California.


By:  _/s/ K. Tom Kohan_____
        K. Tom Kohan

_____

PLAINTIFF'S  OPPOSITION TO JB TEXTILES' MOTION IN LIMINE NO. 1